THE UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| In re: | ) | Case No: 09-18931 |
| | ) | |
| Wendy & Robert Owens, Jr., | ) | Chapter 7 |
| | ) | |
| Debtors | ) | JUDGE ARTHUR I. HARRIS |

**Motion of the United States Trustee to Dismiss for Abuse Pursuant to
11 U.S.C. §§ 707(b)(1) & (3)**

The United States trustee for Region 9, Daniel M. McDermott, moves this Court for an order dismissing this case pursuant to 11 U.S.C. §§ 707(b)(1) & (3). Debtors have the ability to make a meaningful repayment to creditors, and the granting of a discharge in this case would be an abuse of the provisions of chapter 7. In support, the United States trustee states:

### *Standing*

1. The Court has jurisdiction over this matter under 28 U.S.C. §§ 1334(a) and (b); 28 U.S.C. §§ 157(a) and (b)(1); and 28 U.S.C. § 151. This is a core proceeding pursuant to 28 U.S.C. §§ 157(b)(2)(A) and (B). The United States trustee has standing to file this motion pursuant to 11 U.S.C. § 307, 11 U. S. C. § 707(b) and 28 U.S.C. § 586(a)(5).

### *Factual Background*

2. On September 22, 2009, Wendy & Robert Owens, Jr. ("Debtor") filed a voluntary petition for relief under chapter 7. The cover sheet of Debtors' petition identifies the nature of the debts as "Consumer/Non-Business."

3. Mr. Owens works for Potters Industry where he has been employed for 17 years and earns approximately $43,000 a year. Mrs. Owens works for RAD Graphics where she has been employed for two years and earns approximately $40,000 a year.

4. Debtors' *Schedule I - Current Income of Individual Debtors* lists net monthly income of $6,239, which includes $950 of rental income from property located at 11905 Hastings, Garfield Heights, Ohio. Debtors' *Schedule J - Current Expenditures of Individual Debtors* lists monthly expenses of $6,212, which includes a $1,311 mortgage payment for the rental property located 11905 Hastings, Garfield Heights, Ohio.

5. Debtor's *Schedule F - Creditors Holding Unsecured Nonpriority Claims* lists $93,442 of debt; *Schedule D - Creditors Holding Secured Claims* lists $333,000 of debt; and *Schedule E - Creditors Holding Unsecured Priority Claims* lists zero debt.

6. Debtors' *Chapter 7 Individual Statement of Intention* shows that they are reaffirming the mortgage debts secured by their personal residence and the 11905 Hastings property. Debtors' *Schedule A - Real Property* values the 19905 Hastings property at $78,000, with a mortgage claim of $81,458.

7. Debtors testified at the 341 meetings of creditors that seven years ago they obtained a fifteen year mortgage on the 19905 Hastings property.

<u>*Legal Authority*</u>

*Dismissal under 11 U.S.C. § 707(b)(3)*

8. If the Court determines the presumption of abuse does not arise or is rebutted, the United States Trustee asserts that this case is an abuse under the totality of the circumstances and it should be dismissed under 11 U.S.C. § 707(b)(3). Specifically, 707(b)(3) provides in pertinent part:

> (3) In considering under paragraph (1) whether the granting of relief would be an abuse of the provisions of this chapter in a case in which the presumption in subparagraph (A)(I) does not arise or is rebutted, the court shall consider -
>
> > (B) [whether] the totality of the circumstances . . . of the debtor's financial situation demonstrates abuse.

9. BAPCPA modified the standard for determining if a case should be dismissed from substantial abuse to the more lenient abuse standard. Prior to BAPCPA, courts looked to totality of the circumstances to determine whether to dismiss a case for substantial abuse under § 707(b). In interpreting BAPCPA, case law prior to the enactment of BAPCPA is helpful in determining abuse under § 707(b). *In re Mestemaker*, 359 B.R. 849 (Bank. N.D. Ohio 2007); *In re dePellegrini*, 365 B.R. 830, 832 (Bankr. S.D. Ohio 2007).

10. Prior to the enactment of BAPCPA, the Sixth Circuit held that "Substantial abuse can be predicated upon either lack of honesty or want of need." *Behlke v. Eisen (In re Behlke)*, 358 F. 3d 429 (6th Cir. 2004); *In re Krohn*, 886 F.2d 123, 126 (6th Cir. 1989). Factors relevant in determining "want of need" include, but are not limited to, the ability to repay creditors out of future earnings, whether the debtor enjoys a stable source of income and whether the debtor is eligible for chapter 13 relief. *In re Behlke*, supra; *In re Krohn,* supra..

### *Application of § 707(b) to Debtor's Case*

### *Means Test Review*

11. Debtors' Form B22A ("means test") shows negative monthly disposable income. Accordingly, Debtors checked "The presumption does not arise" box on their means test. For the purposes of this motion, the United States trustee does not dispute that the presumption of abuse under section 707(b)(2) does not arise.

### *Totality of Circumstances Review*

### **Debtors' Retention of Rental Property**

12. Debtors intend to retain rental property with a mortgage payment of $1,311. *Schedule I* shows rental income of $950. Debtors' rental activity is losing approximately $361 a month. Bankruptcy is meant to afford an honest debtor a fresh start, whereby the debtor is freed from
3

prepetition financial burdens, not as a means to perpetuate bad financial decisions. *United States Department of Health and Human Services v. Smith*, 807 F.2d 122, 123 (8th Cir. 1986). Creditors should not be made to forego payment while Debtors retain a rental property that is losing money each month. *See In re Blankenship*, 398 B.R. 457, 462-63 (Bankr. N.D. Ohio 2008) (creditors should not have to bear the drain of rental property that has no monetary value to the debtors, and has a negative cash flow). The $361 that Debtors are losing each month could be used to repay creditors.

**Debtor's Case Should Be Dismissed**

13. Dismissal of Debtors' case is warranted under 707(b)(3) as the factors of their case demonstrate that it would constitute an abuse if they were to receive a chapter 7 discharge. Debtors' *Schedule J* shows monthly disposable income of $26 but includes the mortgage payment for rental property from which Debtors do not receive rent sufficient enough to cover the mortgage payment. Once you remove the rental income and the mortgage payment for the rental property from Debtors' income and expenses, they have $387 of monthly disposable income.

14. Debtors testified that they obtained a fifteen year mortgage on the rental property seven years ago, and want to keep it because they only have eight more years of payments. Debtors also testified that Mrs. Owens' mother is the tenant, and they want to provide a place for her to reside. Debtors' desire to provide for Mrs. Owens' mother is commendable but such costs should not be borne by their creditors. *See, e.g, In re Siemen*, 294 B.R. 276, 279 (Bankr. E.D. Mich. 2003) (debtors support of their adult children and their grand children might be commendable but cannot be justified in the bankruptcy context.); *In re Staub*, 256 B.R. 567, 570 (Bankr. M.D. Pa. 2000) (expenses of adult children should not be foisted upon a debtor's prepetition creditors.); *In re Davidoff,* 185 B.R. 631, 635 (Bank. S.D. Fla. 1995) (court recognizes the gross unfairness and detriment that creditors would experience if bankruptcy allowed a debtor's personal obligations to

be eradicated while continuing to pay another's debt and freely spend). Debtors should not be permitted to discharge their financial obligations to unsecured creditors, and build equity in real property by subsidizing the housing expense of Mrs. Owens's mother, especially when adequate housing can be obtained in this geographical area for $950 month.

    15. Debtors could redirect the funds that are being used to subsidize Mrs. Owens' housing expense and make a meaningful payment to creditors. This could be done without reducing any of Debtors' monthly living expenses. Debtors are eligible for relief under chapter 13 of the Bankruptcy Code, they have stable sources of income, repayment can be made to creditors without depriving them of basic living necessities, and there are no known factors that mitigate against dismissal such as a catastrophic event or serious medical condition that lead to the bankruptcy filing.

**WHEREFORE,** the United States trustee respectfully requests this Court to enter an order dismissing Debtors' case and granting such further relief as may be appropriate.

    Respectfully Submitted,

    Daniel M. McDermott
    United States Trustee
    Region 9

by:    */s/Derrick V. Rippy*
    Derrick V. Rippy (0044069)
    U.S. Department of Justice
    Office of the U.S. Trustee
    H.M. Metzenbaum U.S. Courthouse
    201 E. Superior Ave., Ste. 441
    Cleveland, Ohio 44114-1240
    (216) 522-7800, ext. 232
    (216) 522-7193 facsimile
    Derrick.V.Rippy@usdoj.gov

## Certificate of Service

_____I certify I mailed a copy of the foregoing *Motion of the United States Trustee to Dismiss for Abuse Pursuant to 11 U.S.C. §707(b)(1) & (b)(3)* to the following parties on this 15$^h$ day of December, 2009:

**James W Westfall**
Westfall Legal Services
75 Public Square, Suite 914
Cleveland, OH 44113

**Wendy& Robert Owens, Jr.**
9300 Lindbergh Blvd
Olmsted Falls, OH 44138

                                      */s/Derrick V. Rippy*
                                      Derrick V. Rippy